

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| TEKOIL & GAS CORPORATION, | ) | CASE NO. 08-80270-G3-11 |
| Debtor, | ) | |
| WILLIAM G. WEST, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 10-8039 |
| MICHAEL VOSBEIN, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The court has held a pretrial conference with respect to the above captioned adversary proceeding, and has considered "Michael Vosbein's Motion for Leave to File Second Amended Answer" (Docket No. 16), and "Michael Vosbein's Motion for Continuance" (Docket No. 18). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Tekoil & Gas Corporation ("Tekoil") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 10,

2008.  Tekoil's subsidiary, Tekoil and Gas Gulf Coast, LLC ("Gulf Coast") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 29, 2008.  The Tekoil and Gulf Coast (collectively, "Debtors") cases were jointly administered, by order entered on October 1, 2008.

The joint plan proposed by Debtors was confirmed, by order entered on March 24, 2010.  The plan created a creditor trust, and transferred to that trust, <u>inter</u> <u>alia</u>, avoidance actions.  The plan named William G. West as the trustee of the creditor trust (Docket No. 546, Case No. 08-80270-G3-11).

In the instant adversary proceeding, West, as trustee of the creditor trust ("Plaintiff") seeks avoidance and recovery of what Plaintiff alleges to be preferential and/or fraudulent transfers to Michael Vosbein ("Defendant").

After Plaintiff filed the instant adversary proceeding against Defendant, Plaintiff filed a second adversary proceeding against Defendant and others, in Adversary No. 10-8065, asserting an affirmative claim for breach of fiduciary duty.

On July 7, 2010, Defendant filed, <u>pro</u> <u>se</u>, an answer responsive to the allegations in the instant adversary proceeding.  (Docket No. 6).  Defendant filed an amended answer on September 13, 2010.  The amended answer is signed by Defendant, and denies the material allegations regarding purported preferential and fraudulent transfers contained in the complaint in the instant adversary proceeding.  Defendant's

answer did not contain a jury demand.  (Docket No. 12).

On December 28, 2010, Defendant, with the assistance of counsel, filed the instant motions.  Defendant seeks leave to amend his answer, and also seeks amendment to the scheduling order, because he is now represented by counsel.

Plaintiff opposes the motion for leave to amend the answer, on grounds of prejudice due to the passage of time, and on grounds Defendant is seeking to amend the answer solely for the bad faith purpose of attempting to revive a right to a jury trial.[1]

## Conclusions of Law

Under Rule 15(a)(2), Fed. R. Civ. P., as made applicable by Rule 7015, Fed. R. Bankr. P., a party may amend its pleading with the court's leave.  The court should freely give leave when justice so requires.

In the instant adversary proceeding, Defendant's amended answer raises no new operative facts supporting the affirmative defenses pled.  The court will, however, permit the amendment of the answer.

With respect to the scheduling order, Plaintiff does not oppose a continuance, but only opposes consolidation with Adversary No. 10-8065.  Defendant has not sought consolidation, and the court has previously determined not to consolidate

---

[1] The court notes that, in the instant adversary proceeding, the amended answer does not contain a demand for a jury trial.

Adversary No. 10-8065 with other adversary proceedings.  In light of the presence of new counsel, the court will set new dates.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on February 15, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE